IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-221-D

| | |
|---|---|
| SHARRON MARIE GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| STATE OF NC CERTIFICATION OF ) | |
| VITAL RECORDS/BIRTH CERTIFICATE ) | |
| OFFICE DURHAM COUNTY REGISTER ) | |
| OF DEEDS, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Sharron Marie Glover ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I. BACKGROUND**

Plaintiff's complaint consists of a 4-page form (D.E. 1-1) completed in handwriting and a 1-page exhibit (D.E. 1-2), which appears to be the birth certificate of "Sharon Marie Glover." The complaint asserts allegations against defendant "State of NC Certification of Vital Record Durham Birth Certificate Office" apparently arising out of its alleged failure to provide her with

a correct copy of her birth certificate.[1] (Compl. 2-3). While plaintiff's description of the relief she seeks is difficult to follow, she does appear to seek, among other things, "[her] own birth certificate," return of an unspecified amount of money, court costs, "reinstatement of [her] birth certificate," and restoration of her "declaration of rights" and her credibility. (*Id*. 4).

## II. DISCUSSION

### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual

---

[1] Plaintiff has filed ten other cases in this court. (Cases Nos. 5:12-CV-58-D, 5:12-CV-59-FL, 5:12-CV-125-H, 5:12-CV-221-D, 5:12-CV-363-D, 5:12-CV-364-F, 5:12-CV-365-H, 5:12-CV-366-F, 5:13-CV-76-FL, 5:13-CV-177-BO). One of these cases was dismissed as frivolous, two were transferred to the Middle District of North Carolina, and the remaining seven, including the instant case, were referred to the undersigned for decision on *in forma pauperis* motions and for frivolity reviews. In one of the cases now pending before the undersigned, plaintiff has filed a proposed complaint that is essentially identical to the complaint in the instant case. (*See* Case No. 5:13-CV-76-FL). An order and memorandum and recommendation ("M&R") on this other case will be entered contemporaneously with the instant order and M&R.

allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

    **B.**    **Failure of Plaintiff's Complaint to State a Claim**

The court finds plaintiff's statement of her claims to be wholly insufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8. While, as indicated, in some of her allegations plaintiff appears to be complaining that defendant failed to provide her a correct copy of her birth certificate (Compl. 2-3), she does not allege the specific circumstances surrounding this alleged misconduct or indicate the legal claims arising from it. The remainder of her allegations comprise a disjointed laundry list of accusations, including the following: discrimination, unfair judgment and treatment, prejudice, humiliation, "to lower and offend the pride and the self respect, self pride," defamation of character, and the burden of having to prove her identity multiple times. (*Id*. 2-3) (standard capitalization substituted; punctuation original).

3

The court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, it will be recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 4 April 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 21st day of March 2013.

_____
James E. Gates
United States Magistrate Judge